**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

| | |
|---|---|
| CONICAL CUTTING TOOLS, INC. ) | |
| ) | Case No. 1:23-cv-39-JMB-PJG |
| Plaintiff, ) | Hon. Jane M. Beckering |
| vs. ) | Mag. Judge Phillip J. Green |
| ) | |
| SELECTIVE INSURANCE COMPANY OF ) | |
| AMERICA, ) | |
| ) | |
| Defendant. ) | |

**Selective Insurance Company of America's
Answer to Complaint and Affirmative Defenses**

Defendant Selective Insurance Company of America ("Selective"), by and through its attorneys, for its Answer and Affirmative Defenses to Plaintiff Conical Cutting Tools, Inc.'s ("Plaintiff") Complaint states as follows:

**Answer to Complaint**

1.  This case involves an insurance company's wrongful denial of a property damage claim even though it was squarely within the policy, the insurance company received timely notice, and the insured provided all required proofs of loss and met all other requirements.

**ANSWER:** The allegations contained in Paragraph 1 call for legal conclusions and set forth Plaintiff's characterization of its claims to which no answer is required. To the extent that an answer is required, Selective admits only that Plaintiff made a claim to Selective which Selective properly and timely denied. Selective denies any and all other allegations that may be contained in Paragraph 1 not specifically admitted herein.

2.  The sole issue in this case is whether insurance coverage for damage to machinery caused by the failure of an air supply system that caused the pumping of water

into various machines is blocked by policy exclusions for damage caused by improper installation, water discharged to fight a fire, or wear, tear, deterioration, or corrosion.

**ANSWER:** The allegations contained in Paragraph 2 call for legal conclusions and set forth Plaintiff's characterization of its claims to which no answer is required. To the extent that an answer is required, Selective has insufficient knowledge of the allegations contained in Paragraph 2 upon which to base an admission or denial, and therefore neither admits nor denies same but demands strict proof thereof.

## Parties and Jurisdiction

3. Plaintiff Conical Cutting Tools, Inc. ("Conical") is a Michigan corporation headquartered and doing business in Kent County, Michigan.

**ANSWER:** Selective admits the allegations contained in Paragraph 3.

4. Defendant, Selective Insurance Company of America ("Selective") is an insurance company doing business in the State of Michigan and is headquartered in Laurel County, Kentucky.

**ANSWER:** Selective admits only that it is an insurance carrier licensed to issue policies of insurance in the State of Michigan. Selective denies that it is headquartered in Laurel County, Kentucky. Answering further, Selective is an insurance carrier organized under the laws of the State of New Jersey with its principal place of business in the State of New Jersey.

5. This claim involves damages to insured machinery located in Kent County, Michigan.

**ANSWER:** Selective has insufficient knowledge regarding the allegations contained in Paragraph 5 upon which to base an admission or denial, and therefore neither admits nor denies same but demands strict proof thereof.

6. The amount in controversy exceeds $25,000.

**ANSWER:** While Selective disagrees with and disputes Plaintiff's claim, this action places at issue and in controversy monetary relief and damages which exceed this Court's original jurisdictional minimum of $75,000, exclusive of interest and costs. Specifically, the Complaint alleges that "[o]n June 2, 2021, Conical's employees or agents discovered damage to one of Conical's ANCA computer

numerical control (CNC) machines located on the Property" and that "similar damage was discovered to several other CNC machines located on the property." *See*, Complaint, ¶¶ 9-10, ECF No. 1, PageID.10. On information and belief, Plaintiff seeks to recover the replacement cost of the allegedly damaged CNC machines, each of which may cost $20,000. In addition, Plaintiff seeks consequential damages. Selective has insufficient knowledge regarding any and all other allegations that may be contained in Paragraph 6 upon which to base an admission or denial, and therefore neither admits nor denies same, but demands strict proof thereof.

7. This Court has jurisdiction over this claim and venue is proper.

**ANSWER:** Selective admits that this Court has jurisdiction over this matter and that venue is proper in the United States District Court for the Western District of Michigan.

## General Allegations

8. Selective issued to Conical a commercial insurance policy, policy number S2412962, a copy of which is in Selective's possession, covering Conical's business at 3890 Buchanan Avenue SW, Grand Rapids, Michigan (the "Property") from loss.

**ANSWER:** Selective admits that it issued a policy of insurance to its named insured "Conical Cutting Tools, Inc, Cut Above Tool Company, Elite Abrasives LLC, Global Cutting Tools LLC, Stone Fox Staffing LLC, Stone Fox Ventures LLC" bearing policy no. S 2412962 for the effective policy period of August 1, 2020 to August 1, 2021, admits that it possesses the Policy, and admits that the Property is listed as a scheduled location on the Policy. Answering further, the Policy, a certified copy of which is attached hereto as **Exhibit 1**, is in writing and speaks for itself, and Selective refers Plaintiff and this Court to that document for its contents. Selective denies any and all other allegations that may be contained in Paragraph 8 not specifically admitted herein.

9. On June 2, 2021, Conical's employees or agents discovered damage to one of Conical's ANCA computer numerical control (CNC) machines located on the Property.

**ANSWER:** Selective has insufficient knowledge regarding the allegations contained in Paragraph 9 upon which to base an admission or denial, and therefore neither admits nor denies same but demands strict proof thereof.

10. Over the following weeks, similar damage was discovered to several other CNC machines located on the Property.

**ANSWER:** Selective has insufficient knowledge regarding the allegations contained in Paragraph 10 upon which to base an admission or denial, and therefore neither admits nor denies same but demands strict proof thereof.

11. Conical promptly hired a local repair technician and a manufacturer technician to investigate the cause of the damage.

**ANSWER:** The allegations contained in Paragraph 11 call for legal conclusions and set forth Plaintiff's characterization of its claims to which no answer is required. To the extent that an answer is required, Selective has insufficient knowledge of the allegations contained in Paragraph 11 upon which to base an admission or denial, and therefore neither admits nor denies same but demands strict proof thereof.

12. On investigation, it was determined that the root cause of the damage was the failure of an air compressor and air dryer that, along with other components, comprise the ATLAS COPCO air supply system that feeds Conical's CNC machines.

**ANSWER:** The allegations contained in Paragraph 12 call for legal conclusions and set forth Plaintiff's characterization of its claims to which no answer is required. To the extent that an answer is required, Selective has insufficient knowledge of the allegations contained in Paragraph 12 upon which to base an admission or denial, and therefore neither admits nor denies same but demands strict proof thereof.

13. The following illustration loosely depicts Conical's air supply system:

[ILLUSTRATION OMITTED]

**ANSWER:** Selective has insufficient knowledge regarding the allegations contained in Paragraph 13 upon which to base an admission or denial, and therefore neither admits nor denies same but demands strict proof thereof.

14. On or immediately prior to June 2, 2021, the air compressor failed, preventing it from filtering the vast majority of water out of the air before entering the air storage tank.

**ANSWER:** Selective has insufficient knowledge of the allegations contained in Paragraph 14 upon which to base an admission or denial, and therefore neither admits nor denies same but demands strict proof thereof.

15. The water that was not filtered out of the compressor quickly filled the air storage tank and flooded the air filter, which is meant to filter out any remaining water before the air is fed to the CNC machines.

**ANSWER:** Selective has insufficient knowledge of the allegations contained in Paragraph 15 upon which to base an admission or denial, and therefore neither admits nor denies same but demands strict proof thereof.

16. The flooded air filter soon failed and water was discharged directly into the CNC machines, eventually causing their failure.

**ANSWER:** Selective has insufficient knowledge of the allegations contained in Paragraph 16 upon which to base an admission or denial, and therefore neither admits nor denies same but demands strict proof thereof.

17. Neither the local repair technician nor the manufacturer technician ever determined that the damage to Conical's air supply system or the CNC machines resulted from improper installation, water discharged to fight a fire, or wear, tear, deterioration, or corrosion.

**ANSWER:** Selective has insufficient knowledge of the allegations contained in Paragraph 17 upon which to base an admission or denial, and therefore neither admits nor denies same but demands strict proof thereof.

18. The insurance policies covered Conical's machinery at all relevant times.

**ANSWER:** The allegations contained in Paragraph 18 call for a legal conclusion, to which no answer is required. Selective further objects to the allegations contained in Paragraph 18 because they are vague. Without waiving said objections, and to the extent that an answer is required, Selective admits only that the Policy was in effect from August 1, 2020 to August 1, 2021 which is writing and speaks for itself. Selective denies any and all other allegations that may be contained in Paragraph 18 not specifically admitted herein.

19. All premiums were paid and current, and the policies were in full force an effect at all relevant times, including on June 2, 2021.

**ANSWER:** The allegations contained in Paragraph 19 call for a legal conclusion, to which no answer is required. Selective further objects to the allegations contained

5

in Paragraph 19 because they are vague. Without waiving said objections, and to the extent that an answer is required, Selective admits only that the Policy was in effect from August 1, 2020 to August 1, 2021 which is writing and speaks for itself. Selective has insufficient knowledge of any and all remaining allegations contained in Paragraph 19 upon which to base an admission or denial, and therefore neither admits nor denies same but demands strict proof thereof.

20. Conical timely notified Selective on July 6, 2021, that Conical had suffered damage to its machinery.

**ANSWER:** The allegations contained in Paragraph 20 call for a legal conclusion to which no answer is required. To the extent that an answer is required, Selective admits only that it received notice of the alleged damage to Plaintiff's machinery on July 6, 2021. Selective denies any and all other allegations that may be contained in Paragraph 20 not specifically admitted herein.

21. Conical delivered to Selective, pursuant to the terms of the policies, satisfactory proof of the amount of the loss.

**ANSWER:** The allegations contained in Paragraph 21 call for a legal conclusion to which no answer is required. To the extent that an answer is required, Selective denies the allegations contained in Paragraph 21 as untrue.

22. Nevertheless, Selective denied the claim.

**ANSWER:** Selective admits only that it properly and timely disclaimed coverage for Plaintiff's claim. Selective denies any and all other allegations that may be contained in Paragraph 22 not specifically admitted herein.

23. Selective, through independent insurance company Hartford Steam Boiler, conducted an investigation that confirmed the root cause of the damage: the overaccumulation of water in the air compressor storage tank, which made its way through the air dryer and into several of Conical's CNC machines.

**ANSWER:** Selective admits only that The Hartford Steam Boiler Inspection and Insurance Company assisted Selective with the investigation into Plaintiff's claim, the results of which are in writing, and which speaks for themselves. Selective denies the allegations contained in Paragraph 23 to the extent that they are inconsistent with the actual conclusions of the claim investigation.

24. The damage caused to Conical's air supply system and CNC Machines is a covered loss.

**ANSWER:** The allegations contained in Paragraph 24 call for a legal conclusion, to which no answer is required. To the extent that an answer is required, Selective denies the allegations contained in Paragraph 24 as untrue.

25. Selective's bases for denying the claim were purported exclusions for improper installation, discharge of water, and wear, tear, deterioration, and corrosion.

**ANSWER:** Selective admits only that it denied coverage for the claim through a disclaimer letter which is in writing and which speaks for itself. Selective denies the allegations contained in Paragraph 25 to the extent that they are inconsistent the actual language of the disclaimer letter.

26. Neither the air supply system nor the CNC machines were improperly installed.

**ANSWER:** Selective denies the allegations contained in Paragraph 26 as untrue.

27. The damage was not caused by discharge of water as defined in the parties' insurance policy.

**ANSWER:** Selective has insufficient information regarding the allegations contained in Paragraph 27 upon which to base an admission or denial, and therefore neither admits nor denies same but demands strict proof thereof.

28. The damage was not caused by wear and tear.

**ANSWER:** Selective denies the allegations contained in Paragraph 28 as untrue.

29. The denial of Conical's claim was incorrect, not supported by Selective's investigation, and in bad faith.

**ANSWER:** Selective denies the allegations contained in Paragraph 29 as untrue.

### COUNT I - BREACH OF PROPERTY INSURANCE CONTRACT

30. Plaintiff incorporates by reference all proceeding allegations.

**ANSWER:**   Selective restates and re-alleges its answers to the preceding paragraphs as if fully set forth herein.

31. Conical and Selective entered into a valid commercial insurance contract insuring Conical's property.

**ANSWER:**   Selective admits only that the Policy was in effect from August 1, 2020 to August 1, 2021.  Answering further, the Policy is in writing and speaks for itself, and Selective refers Plaintiff and this Court to that document for its contents.

32. The commercial insurance contract covered the damage to Conical's machinery and was effective at the time of the loss.

**ANSWER:**   Selective admits only that the Policy was in effect from August 1, 2020 to August 1, 2021.  Answering further, the Policy is in writing and speaks for itself, and Selective refers Plaintiff and this Court to that document for its contents.  Selective denies any and all other allegations that may be contained in Paragraph 32 not specifically admitted herein.

33. Selective was required by law to pay Conical's claim within 30 days of receipt of proof of the amount of the loss.

**ANSWER:**   The allegations contained in Paragraph 33 call for a legal conclusion and Plaintiff's characterization and interpretation of statutes, to which no answer is required.  Selective further objects to the allegations contained in Paragraph 33 because they are vague.  Without waiving said objections, and to the extent that an answer is required, Selective admits only that it properly and timely declined insurance coverage for Plaintiff's claim.  Selective denies any and all other allegations that may be contained in Paragraph 33 not specifically admitted herein.

34. Selective owed Conical the duty to timely pay Conical's claim.

**ANSWER:**   The allegations contained in Paragraph 34 call for a legal conclusion to which no answer is required.  To the extent that an answer is required, Selective admits only that it owed Plaintiff those duties required by statute, common law, and the Policy.  Selective specifically denies that it breached such duties in connection with its handling of Plaintiff's claim and denies any and all other allegations set forth in Paragraph 34 not specifically admitted herein.

35. Selective breached the parties' commercial insurance contract when it failed to pay the claim despite Conical's timely notification of the covered loss and timely submitted proof of loss.

**ANSWER:** The allegations contained in Paragraph 34 call for a legal conclusion and sets forth Plaintiff's characterization of its claims, to which no answer is required. To the extent an answer is required, Selective denies the allegations contained in Paragraph 34 as untrue.

36. As a direct and proximate result of this breach of contract, Selective remains indebted to Conical for its insured losses, and Conical has sustained damages that were in the contemplation of the parties when the contract was made or that are the natural and usual consequences of a breach of an insurance contract. These damages include, but are not limited to, the continued costs of repair.

**ANSWER:** The allegations contained in Paragraph 36 call for a legal conclusion and sets forth Plaintiff's characterization of its claims, to which no answer is required. Selective further objects to the allegations contained in Paragraph 36 because they are vague. Without waiving said objections, and to the extent that an answer is required, Selective denies the allegations contained in Paragraph 36 as untrue.

37. Conical is also entitled to 12 percent interest pursuant to MCL 500.2006.

**ANSWER:** The allegations contained in Paragraph 37 call for a legal conclusion, to which to which no answer is required. To the extent that an answer is required, Selective admits only that MCL 500.2006 is a statute that exists. Selective specifically denies that MCL 500.2006 is relevant to this action and denies any and all other allegations contained in Paragraph 37 not specifically admitted herein.

WHEREFORE, Defendant Selective Insurance Company of America, respectfully requests that this Honorable Court enter an Order dismissing Plaintiff's Complaint with prejudice, denying any and all relief sough against Selective whatsoever, and granting Selective any further relief that this Court deems appropriate, including costs and attorneys' fees.

**AFFIRMATIVE DEFENSES**

Defendant Selective Insurance Company of America ("Selective") has undertaken in good faith to list all of the affirmative and/or avoidance defenses that it may have with respect to the causes of action or claims asserted in Plaintiff Conical Cutting Tools, Inc.'s Complaint. Selective, however, reserves the right to amend, supplement, restate, and/or withdraw any affirmative defenses or to assert additional defenses based upon its continuing analysis and investigation of Plaintiff's claims against Selective. Furthermore, by characterizing the following as defenses, Selective does not admit that it bears the burden of proof of any of the issues raised.

Subject to and without waiving any of the foregoing, Selective identifies the following affirmative and/or avoidance defenses upon which it may rely at the time of trial:

1. The Complaint fails to state a claim upon which relief may be granted.

2. The Complaint fails to state facts sufficient to constitute a cause of action against Selective.

3. The Selective Policy does not provide coverage for Plaintiff's alleged damages to the extent that any alleged damages sustained by Plaintiff are the result of a known loss and/or loss in progress.

4. The Selective Policy does not provide coverage for Plaintiff's alleged damages to the extent that Plaintiff has failed to satisfy all conditions precedent to coverage under the Selective Policy.

5. The Selective Policy does not provide coverage to the extent that any alleged damages sustained by Plaintiff were solely and/or proximately caused by the Plaintiff's own negligent acts or omissions.

6. To the extent that the Selective Policy provides coverage for the Plaintiff's alleged damages, such coverage is subject to any applicable deductible in the Selective Policy.

7. The claims and causes of action in the Complaint related to MCL 500.2006 fail because Selective's conduct did not violate the terms of MCL 500.2006.

8. The claims and causes of action in the Complaint related to MCL 500.2006 fail because Plaintiff did not provide a satisfactory proof of loss.

9. The claims and causes of action in the Complaint may be barred, in whole or in part, due to Plaintiff's failure to mitigate, minimize or avoid the alleged losses or damages.

10. The Complaint should be dismissed because the Plaintiff has failed to satisfy its burden to demonstrate that it is entitled to insurance coverage under the Selective Policy.

11. The claims and causes of action in the Complaint may be barred, in whole or in part, by the Plaintiff's unclean hands.

12. The claims and causes of action in the Complaint may be barred, in whole or in part, based on the doctrines of waiver, estoppel, and/or latches.

13. There is no coverage under the subject policy, in whole or in part, to the extent that any applicable provision, term, definition, condition, endorsement, limitation, and/or exclusion in the subject policy precludes coverage and all or part of Plaintiff's claims.

14. Selective reserves the right to assert further affirmative defenses as they may become known during discovery.

WHEREFORE, Defendant Selective Insurance Company of America respectfully requests that this Honorable Court enter an Order dismissing Plaintiff's Complaint with prejudice, denying any and all relief sought against Selective whatsoever, and granting

Selective any and further relief that this Court deems appropriate, including costs and attorneys' fees.

    Respectfully submitted,

    */s/ Drew L. Block*
Drew L. Block (P81768)
Plunkett Cooney, P.C.
38505 Woodward Avenue, Ste. 100
Bloomfield Hills, MI 48304
(248) 901-4000
dblock@plunkettcooney.com
**Attorney for Defendant Selective Insurance Company of America**

Dated: January 19, 2023

## **CERTIFICATE OF SERVICE**

I do hereby certify that on the 19th day of January, 2023, I filed the foregoing Answer to Complaint and Affirmative Defenses and this Certificate of Service with the Clerk of the Court through their electronic filing system and via email and U.S. mail to:

Todd A. Stuart (P70187)
Stuart Law, PLC
161 Ottawa Ave. NW, Ste. 111
Grand Rapids, MI 49503
tstuart@stuartlawplc.com

                                              */s/Drew L. Block*
                                              Drew L. Block (P81768)

Open.08745.30010.30334157-1